Jonathan K. Levine (State Bar No. 220289)
  jkl@girardgibbs.com
Elizabeth C. Pritzker (State Bar No. 146267)
  ecp@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Attorneys for Individual and Representative
Plaintiffs Curtis Berrien, Rose Huerta,
Tina Musharbash, Fern Prosnitz, Michael Andler,
Marcus Boness, Timothy Bonnell, Richard Buford,
Elaine Cefola, Kenneth Davis and Jerome Garoutte

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURTIS BERRIEN; ROSE HUERTA; TINA MUSHARBASH; FERN PROSNITZ; MICHAEL ANDLER; MARCUS BONESS; TIMOTHY BONNELL; RICHARD BUFORD; ELAINE CEFOLA; KENNETH DAVIS; JEROME GAROUTTE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br> NEW RAINTREE RESORTS INTERNATIONAL, LLC; RVC MEMBERS, LLC; DOUGLAS Y. BECH <br><br> Defendants. | **Case No. CV 10-03125 CW** <br><br> **INITIAL JOINT CASE MANAGEMENT STATEMENT** <br><br> **CLASS ACTION** <br><br> Date: November 16, 2010 <br> Time: 2:00 p.m. <br> Before: Hon. Claudia Wilken |

Pursuant to Fed. R. Civ. P. 16(b) and Civil L.R. 16-9, Plaintiffs Curtis Berrien, Rose Huerta, Tina Musharbash, Fern Prosnitz, Michael Andler, Marcus Boness, Timothy Bonnell, Richard Buford, Elaine Cefola, Kenneth Davis and Jerome Garoutte (collectively, "Plaintiffs"), and Defendants New Raintree Resorts International, LLC ("RRI), RVC Members, LLC ("RVC") and Douglas Y. Bech (collectively, "Defendants") ("Parties" refers to Plaintiffs and Defendants), submit the following Joint Case Management Conference Statement in connection with the November 16, 2010 Case Management Conference.

**1.　JURISDICTION AND SERVICE**

　　**a.　Subject Matter Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). This is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Plaintiffs are all citizens of California. Defendants are all citizens of Texas.

　　**b.　Personal Jurisdiction and Venue.** There are no issues with respect to venue. Defendants RRI and Bech previously moved to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). The Court heard argument on October 28, 2010, and indicated from the bench that it intended to issue an order denying the motion. Defendants RRI and Bech continue to contest personal jurisdiction.

**2.　FACTS**

　　**Plaintiffs' Statement.**

This action is a proposed consumer class action on behalf of California residents who are members of the Raintree Vacation Club (the "Club"). The Club is a vacation timeshare club with resorts in the western United States, Canada and Mexico that is operated by RRI through its subsidiaries, including RVC. Plaintiffs are members of the Club who, in 2009, were charged a Special Assessment that is not authorized by their governing timeshare contracts. Defendants are third-parties to the timeshare contracts. The Special Assessment was devised and implemented by Bech, who serves as CEO of RRI and as President of RVC, a subsidiary of RRI.

Plaintiffs assert claims against Defendants RRI, RVC and Bech for intentional interference with contract and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et*

*seq.*, on behalf of themselves and members of the proposed class.  The timeshare contracts between Club members and RRI subsidiaries that define the rights and obligations of Club membership provide for the payment of regular annual membership and maintenance fees by Club members (typically totaling several hundred or over a thousand dollars per year), but do not provide for Special Assessments.  Despite this, Defendants have suspended the Club membership rights of Plaintiffs and class members who have not paid the Special Assessment.

**Defendants' Statement.**

Each of the Plaintiffs is a member of Raintree Vacation Club, a vacation timeshare club operated by RVC (the "Club").  The allegations in Plaintiffs' complaint relate exclusively to the issuance of a special assessment by RVC to Club members in November 2009 (the "Special Assessment").  The impetus for issuing the Special Assessment was to pay for modernization of and upgrades to the resort properties, which are used and beneficially owned by the Club members.

The Special Assessment is consistent with the contracts executed by Plaintiffs when they purchased their timeshare interests and/or assigned the usage rights for their timeshare interests to the Club.  The majority of the Club members have voluntarily paid the Special Assessment.  In fact, 6 of the 11 Plaintiffs have voluntarily paid the Special Assessment, or agreed to do so in installments.  Plaintiffs and the proposed class have not been damaged as a result of the issuance of the Special Assessment.

**Joint Statement by the Parties.**

Set forth below are the principal factual issues in dispute known to the Parties at this time:

- The amount of the Special Assessment charged to Club members;
- Whether Defendants misspent and improperly diverted fees paid by Club members;
- Whether Defendants misrepresented their reasons for issuing the Special Assessment;
- Whether Defendants have tortiously interfered with the contracts between Plaintiffs and the entities from which they purchased their timeshare interests and/or pursuant to which Plaintiffs assigned the usage rights for their timeshare interests to the Club; and
- Whether Plaintiffs have been damaged by the issuance of the Special Assessment and, if so, in what amount(s).

Additionally, Defendants further identify the following factual disputes:

- Whether the property upgrades performed or to be performed in connection with the Special Assessment were favored by Club members; and
- The degree to which the property upgrades performed or to be performed in connection with the Special Assessment provided value to the Club members.

**3.  LEGAL ISSUES**

Set forth below are the disputed points of law known to the Parties at this time:

- Whether the Special Assessment is at odds with or prohibited by the contracts executed by the Plaintiffs or applicable to their Club memberships;
- Whether Defendants are third-parties to Plaintiffs' contracts;
- Whether Defendants can be found liable for alleged interference with contracts entered into by their subsidiaries or affiliates;
- Whether the business practices described in Plaintiffs' complaint were unfair, unlawful, or fraudulent within the meaning of Cal. Bus. & Prof. Code §§ 17200 *et seq.*;
- Whether Plaintiffs have suffered a legal injury and/or are entitled to relief and, if so, what types of relief;
- Whether Plaintiffs' claims are barred, in whole or in part, by one or more of Defendants' affirmative defenses; and
- Whether this case is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b)(3).

**4.  MOTIONS**

    **a.  Pending Motions.**  As stated above, the Court has indicated that it will deny the motion to dismiss for lack of personal jurisdiction and will prepare a written order.

    **b.  Anticipated Motions.**

Plaintiffs seek class action status and anticipate filing a motion for class certification. Plaintiffs may also file a motion for summary judgment, depending upon the outcome of discovery. Defendants anticipate filing a motion for summary judgment.

**5. AMENDMENT OF PLEADINGS**

Plaintiffs and Defendants jointly propose that Friday, July 29, 2011 be the deadline for amending the pleadings.

**6. EVIDENCE PRESERVATION**

The Parties have been informed of their obligation to preserve all relevant evidence, including electronic evidence, in connection with this case.

**7. DISCLOSURES**

Counsel for Plaintiffs and Defendants conducted an initial Rule 26(f) conference by telephone on October 20, 2010. Plaintiffs and Defendants agree that they will make their initial disclosures pursuant to Rule 26(a)(1) on Friday, November 12, 2010.

**8. DISCOVERY**

    **a.**     **Discovery Taken to Date.** Discovery has not yet commenced.

    **b.**     **The Scope of Anticipated Discovery.**

**Plaintiffs' Statement.** Plaintiffs anticipate depositions, interrogatories, document requests, and other discovery on the following topics: (1) Plaintiffs' timeshare contracts, (2) the decision to implement and the implementation of the 2009 Special Assessments, (3) the uses of the monies paid by members of the Raintree Vacation Club, (4) the role of the entities that operate the Raintree Vacation Club and their relationship with each other and (5) the factual bases for the affirmative defenses asserted by Defendants.

**Defendants' Statement.** Defendants contend that discovery should focus on class certification and related merits issues until after the Court rules on class certification. In connection with class certification, Defendants anticipate submitting interrogatories and requests for production of documents to each Plaintiff, as well as deposing each of the Plaintiffs and other percipient witnesses in the U.S., Mexico, and Canada.

    **c.**     **Proposed Limitations or Modifications to the Discovery Rules.**

Defendants believe that the presumptive 10 deposition limit is unworkable in this case. Defendants request that they be permitted 20 fact depositions, without prejudice to their ability to meet and confer with Plaintiffs on the number of fact depositions as discovery progresses and to seek

1  appropriate Court relief should Defendants require additional deposition discovery.  Subject to a
2  showing of good cause or agreement by the Parties, Plaintiffs believe that the Parties should be limited
3  to 15 fact depositions per side.

   **d.    Proposed Discovery Plan.**

   **Plaintiffs' Initial Statement.**  As reflected in their proposed discovery plan and as discussed during the October 20, 2010 conference of counsel, Plaintiffs believe that this litigation may be resolved with targeted discovery that focuses on a fairly limited number of topics.  Plaintiffs do not believe that this will be a discovery intensive case and Plaintiffs' counsel intends to work cooperatively with Defendants' counsel to streamline the discovery process and minimize the time and effort involved in each party's compliance with the discovery rules.

   **Defendants' Initial Statement.**  Defendants disagree with Plaintiffs' characterization of what will be required to discover this case.  As a starting point, there are 11 named Plaintiffs and 21 Raintree Vacation Club locations located throughout the U.S., Mexico and Canada.  There are hundreds of RVC members who are not named plaintiffs, as well as other witnesses located throughout the U.S., Mexico and Canada.   Defendants expect that some discovery will be in Spanish.  This case will be discovery intensive.   To make it more manageable, as stated above, Defendants believe that the Parties should initially focus discovery on class certification and related merits issues and that the Court schedule remaining discovery, motion practice and trial after it determines whether this case can be tried as a class action.

   Timing of Rule 26(a) Disclosures.  The Parties have agreed to make Rule 26(a) disclosures by Friday, November 12, 2010.

   Scope and Timing of Discovery.  Plaintiffs intend to seek discovery regarding the five topics listed in Part 8.b. of this Statement.  Plaintiffs propose a Thursday, July 7, 2011 cut-off date for fact discovery.  Defendants propose a November 4, 2011 deadline for concluding class certification and related merits discovery (including class certification expert discovery).  Defendants propose that fact discovery as to additional merits issues continue until entry of an order on Plaintiffs' class certification motion, as appropriate in light of the Court's ruling.  For purposes of clarification, Defendants do not seek "bifurcation" of discovery, and do not object to Plaintiffs seeking merits discovery immediately

(except as to, for example, confidential information concerning the putative class). However, Defendants contend that they should not be required to pursue virtually *all* merits discovery prior to the hearing of Plaintiffs' class certification motion, which is what Plaintiffs' proposed schedule would require. For this reason, as noted below, Defendants propose that the Court conduct a further Scheduling Conference following issuance of an order regarding class certification, to determine the deadline for all fact discovery and discovery of experts on merits issues.

<u>Electronically Stored Information</u>. Counsel for the Parties have discussed the production of electronically stored information ("ESI") and have agreed that production of ESI will be made in native format. Counsel have further agreed to revisit this issue if production in native format becomes unworkable.

<u>Issues of Privilege and Protection of Trial Preparation Materials</u>. Plaintiffs do not expect any special issues regarding privilege or protection of trial preparation materials to arise. Defendants will seek to protect the names, addresses, and other confidential information relating to the Club members who are not named plaintiffs in this case.

<u>Changes to Discovery Rules</u>. Plaintiffs do not believe that any changes to the applicable discovery rules are required. Defendants agree that no such changes are required, other than as noted in this Joint Statement as concerns the staging of discovery and increasing the number of fact depositions permitted.

<u>Other Orders</u>. Counsel for the Parties have discussed the possible need for a stipulated protective order pursuant to Rule 26(b) in this case. If counsel determine that such an order is needed, Plaintiffs expect that the Parties will prepare a stipulated order for the Court's consideration that is modeled after the standard order posted on the Court's website.

**9.  CLASS ACTION**

**Plaintiffs' Statement.** Plaintiffs provide the following class action information pursuant to Civil L.R. 16-9(b):

(1)  This action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b)(3).

(2)  This action is brought on behalf of all persons who reside in the State of California, were charged the Special Assessment and were damaged thereby. Excluded from the class are Defendants,

any entity in which any Defendant has or had a controlling interest, any entity which has or had a controlling interest in any of Defendants, any members, managers or officers of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any judge assigned to this action and his or her immediate family.

(3) The following facts alleged in the Complaint demonstrate that this action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b):

**Numerosity** — While the precise number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe that the class is comprised of at least several thousand individuals.

**Common Questions** — There are numerous common questions of fact and law. All of the principal factual issues in dispute (Section 2 above) and disputed points of law (Section 3 above) are common to all class members, and predominate over any questions affecting Plaintiffs or other individual members of the class.

**Typicality** — Plaintiffs' claims are typical of those of the class. Plaintiffs are members of the Club and were charged the Special Assessment.

**Adequacy** — Plaintiffs have no interests adverse or antagonistic to those of the class and have retained competent and experienced class counsel to prosecute the action.

**Superiority** — Given the size of individual class members' claims, the expense and burden of individual litigation make it economically infeasible and procedurally impracticable for class members to seek redress individually for the wrongs done to them.

**Risk of Inconsistent Adjudications** — The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members.

Assuming that Plaintiffs are provided on a timely basis with the discovery needed to support their motion for class certification, Plaintiffs will file that motion on or before Friday, April 22, 2011. In the event Plaintiffs' class certification motion involves expert discovery, Plaintiffs will meet and confer with Defendants on a schedule for undertaking that discovery and a briefing and hearing schedule on the motion.

1         **Defendants' Statement.** Defendants contend that this case is not maintainable as a class action under Fed. R. Civ. P. 23 (a) and (b)(3).

**10. RELATED CASES**

The Parties are not aware of any related cases or proceedings. *See* Civil L.R. 3-12.

**11. RELIEF**

**Plaintiffs' Statement.** Plaintiffs seek the following relief in their complaint: (a) an order certifying the proposed Class herein under Rule 23 of the Federal Rules of Civil Procedure, and appointing Plaintiffs and their counsel of record to represent said Class; (b) an order that Defendants be permanently enjoined from engaging in the unlawful activities and practices complained of herein; (c) an order awarding restitution and disgorgement of all money paid by Plaintiffs and Class members because of Defendants' unfair and/or fraudulent business practices complained of herein; (d) an order imposing a constructive trust for the benefit of Plaintiffs and Class members upon all money collected by Defendants from the unfair and/or fraudulent business practices and activities complained of herein; (e) an accounting; (f) declaratory relief; (g) actual damages; (h) punitive damages; (i) attorneys' fees and costs of suit, including expert witness fees; (j) an order awarding pre-judgment and post-judgment interest as prescribed by law; and (k) such other and further relief as the Court may deem just and proper.

        **Defendants' Statement.** Defendants contend that Plaintiffs should take nothing by reason of their complaint, and that all of the Plaintiffs' claims and causes of action should be dismissed with prejudice. Even if liability were established, Defendants contend that Plaintiffs cannot establish legally cognizable damages. Defendants should also be awarded their costs and attorney's fees incurred to defend this suit.

**12. SETTLEMENT AND ADR**

On November 20, 2010, counsel for the Parties conferred regarding the prospects for compromise or settlement of claims and defenses in accordance with A.D.R. L.R. 3-5. The Parties have agreed to participate in mediation through a private ADR provider, which will be conducted by no later than April 29, 2011.

**13. CONSENT TO REFERRAL TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants have declined to proceed before a magistrate judge for all purposes.

**14. OTHER REFERENCES**

The Parties do not believe the case is suitable for binding arbitration, or that it requires a special master or referral to the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The Parties do not believe that the issues in the case can be narrowed at this time. The Parties will revisit this question after discovery commences.

**16. EXPEDITED SCHEDULE**

The Parties do not believe that this case should be handled on an expedited basis.

**17. SCHEDULING**

**Plaintiffs' Statement.**

Plaintiffs propose the following schedule:

(a) Class Certification Motion Deadline — Friday, April 22, 2011
(b) Class Certification Opposition Deadline — Friday, May 13, 2011
(c) Class Certification Reply Deadline — Thursday, May 26, 2011
(d) Hearing on Class Certification Motion — Thursday, June 9, 2011
(e) Fact Discovery Cutoff — Thursday, July 7, 2011
(f) Exchange of Initial Expert Disclosures — Thursday, July 21, 2011
(g) Exchange of Rebuttal Expert Disclosures — Thursday, August 11, 2011
(h) Expert Discovery Cutoff — Thursday, September 1, 2011
(i) Summary Judgment Motion Deadline — Thursday, October 6, 2011
(j) Hearing on Summary Judgment Motions — Thursday, November 10, 2011
(k) Pretrial Conference — to be determined
(l) Trial — to be determined

Plaintiffs further propose that counsel for the parties meet and confer regarding the use of experts on summary judgment no later than Thursday, May 5, 2011, and that, if no Party intends to use

an expert, that the above schedule be modified to require that summary judgment motions be filed no later than Thursday, August 11, 2011.

**Defendants' Statement.**

Defendants propose the following schedule:

(a) Class Certification Expert Disclosure - October 1, 2011

(b) Class Certification Discovery Cutoff - November 4, 2011

(c) Class Certification Motion Deadline - December 1, 2011 (motion to be set for hearing such that opposition is due three weeks after motion is filed, and moving parties will have two weeks to file a reply)

(d) Class Certification Motion Hearing Deadline - January 31, 2012

Defendants respectfully request that the Court conduct a further Scheduling Conference within thirty days of issuance of an order on Plaintiffs' class certification motion to determine further case deadlines and to set a trial date.

**18. TRIAL**

**Plaintiffs' Statement.** Plaintiffs have demanded a jury trial. At this time, Plaintiffs anticipate that the trial can be completed within seven court days.

**Defendants' Statement.** If this case is not tried as a class action, Defendants believe that the trial can be completed within 12 court days. If this case is tried as a class action, Defendants believe that trial will take approximately 20 court days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties have filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-16. The Parties have identified the following persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding: DYBech Holdings, LLC.

**20. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER**

Not applicable at this time.

Dated: November 9, 2010        Respectfully submitted,

**GIRARD GIBBS LLP**

By: */s/ Jonathan K. Levine*
    Jonathan K. Levine

Elizabeth C. Pritzker
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Attorneys for Individual and Representative
Plaintiffs Curtis Berrien, Rose Huerta, Tina Musharbash, Fern Prosnitz, Michael Andler, Marcus Boness, Timothy Bonnell, Richard Buford, Elaine Cefola, Kenneth Davis and Jerome Garoutte

DATED: November 9, 2010        BAKER MARQUART CRONE & HAWXHURST LLP

LOOPER REED & MCGRAW P.C.

By /s/ Daryl M. Crone
    Daryl M. Crone
    Attorneys for Defendants
    New Raintree Resorts International, LLC,
    RVC Members, LLC and Douglas Y. Bech

# CERTIFICATE OF SERVICE

I, Jonathan K. Levine, hereby certify that on November 8, 2010, I filed the following document:

**INITIAL JOINT CASE MANAGEMENT STATEMENT**

By ECF (Electronic Case Filing): I e-filed the above-detailed document utilizing the United States District Court, Northern District of California's mandated ECF service on November 8, 2010. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, CA on November 8, 2010.

/s/ *Jonathan K. Levine*
Jonathan K. Levine