Pages 1 - 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE CLAUDIA WILKEN, JUDGE


CURTIS BERRIEN, et al., on          )
behalf of themselves and all        )
other similarly situated,           )
                                    )
            Plaintiffs,             )
                                    )
     v.                             )     NO. C 10-3125 CW
                                    )
NEW RAINTREE RESORTS                )
INTERNATIONAL, LLC, et al.,         )
                                    )
            Defendants.             )
_____)
                                        San Francisco, California
                                        Tuesday, November 16, 2010


**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:          Girard Gibbs LLP
                         601 California Street, 14th floor
                         San Francisco, California  94108-2819
                  BY:    **JONATHAN K. LEVINE**
                         **ELIZABETH C. PRITZKER**

For Defendants:          Looper, Reed & McGraw, P.C.
                         1300 Post Oak Boulevard, Suite 2000
                         Houston, Texas  77056
                  BY:    **JAMES J. ORMISTON**

                         Baker, Marquart, Crone & Hawxhurst LLP
                         10990 Wilshire Boulevard, Fourth Floor
                         Los Angeles, California  90024
                  BY:    **DARYL M. CRONE**


Reported By:             Leo T. Mankiewicz, CSR 5297 RMR, CRR
                         Pro Tem Reporter

1    <u>Tuesday, November 16, 2010</u>

2                                                        <u>2:12 p.m.</u>

3                    P R O C E E D I N G S

4         **THE CLERK:**  We're calling C 10-3125, Curtis Berrien

5    versus New Raintree Resorts International, LLC.

6         Please step forward and state your appearances for

7    the record.

8         **MS. PRITZKER:**  Good afternoon, your Honor.

9    Elizabeth Pritzker for the plaintiffs.

10        **THE COURT:**  Would you mind taking the plaintiff's

11   podium over by the jury box?

12        **MR. LEVINE:**  Good afternoon.  Jonathan Levine, also

13   for the plaintiffs.

14        **MR. ORMISTON:**  Good afternoon, your Honor.  Jim

15   Ormiston for the defendants.

16        **MR. CRONE:**  And Daryl Crone, your Honor, also for

17   defendants.

18        **THE COURT:**  Good afternoon.  So this is on for a

19   case management conference.  We'll set the dates generally that

20   you've requested.

21        If you'd take a scheduling order there from the

22   podium, you can fill in the dates as we set them.  Attached to

23   it you'll find the order for pretrial preparation, which will

24   tell you the paperwork that will need to be filed in advance of

25   the pretrial conference.

1    Starting with an alternative dispute resolution

2    process; you have said that you wished to go to private ADR,

3    which is fine.  You want a deadline of April 29th of 2011, so

4    we'll make that order.

5    In terms of adding additional parties or claims, you

6    suggested July 29th of 2011.  I suppose that's all right for

7    adding claims if it's all right with you, but it's not all

8    right for adding parties because we'd have to start over.

9    So if you don't think you'll be adding any parties,

10   we can set today's date as the deadline for adding parties.

11   **MR. LEVINE:**  Your Honor, I think the only -- from

12   the plaintiffs' perspective, what we were thinking of is,

13   depending on the Court's determination on class certification,

14   which we anticipated being ruled on prior to that date, there

15   might be a need to modify in some way the parties, and that's

16   the only reason.  We were not contemplating adding any parties.

17   **THE COURT:**  Okay.  Well, so let's -- then what about

18   you?

19   **MR. ORMISTON:**  We are not contemplating adding any

20   new parties at this point.

21   **THE COURT:**  And did you have in mind amending the

22   pleadings?

23   **MR. LEVINE:**  Not at this time, your Honor.

24   **THE COURT:**  Okay.  Well, let's just set today's

25   deadline with the understanding that if something changes that

1    requires you to add parties or so on, you can move for that,

2    but there isn't anybody particular you have in mind that you

3    need 30 days to find or 60 days to find or something like that.

4            **MR. LEVINE:**  No, your Honor.

5            **THE COURT:**  Okay, so we'll set today's date.

6            And then you have your proposed dates of -- well,

7    really, I have to say, I'm going to use the plaintiffs' dates.

8    This is not just that difficult of a case.  There's not that

9    much discovery to do.  To the extent there is, you're in

10   control of it.  So I just don't see a problem with going ahead

11   and doing the discovery quickly and doing the class cert

12   quickly and doing the summary judgment quickly.  It's just,

13   it's not a mystery, particularly for you.  You know what went

14   on.

15           So I'll just set the hearing on the class

16   certification motion for June 9th of 2011, if that's a

17   Thursday, and the fact discovery cutoff of July 7th of 2011;

18   exchange of expert disclosures July 21st, exchange of rebuttal

19   expert disclosures August 11th, expert discovery cutoff

20   September 21st, hearing on summary judgment motions

21   November 10th.  We'll have a further case management

22   conference -- well, let's say both on June 9th and on

23   November 10th, even if no motions are filed, so that we can

24   find out why, and then we can set it for trial sometime after

25   that.

1          Did you make your initial disclosures already?

2          **MR. LEVINE:**  We did, your Honor, yesterday.

3          **MR. ORMISTON:**  Yes, your Honor.  And I assume we can

4    move for summary judgment sooner than November 10 of 2011 if

5    we --

6          **THE COURT:**  You can, as long as you clear it with

7    the plaintiffs first, because I don't want to move too quickly

8    and then have them say they didn't do the discovery they needed

9    and then I have to have a Rule 56(f) motion and so on.  So you

10   can notice it for any Friday that I'm available -- any Thursday

11   that I'm available, as long as you can agree with the

12   plaintiffs.

13         In fact, if you want to do it jointly with class

14   certification, that would be even better.  Half the time

15   substantive issues come up in class cert.  If you can be ready

16   to do it then, then I only have to learn it all once instead of

17   twice.  So that would be fine.  You could do joint briefing on

18   summary judgment and class certification.

19         And then -- you didn't select a trial date, I guess.

20   Oh, and it says plaintiffs may file summary judgment, too.

21         What I'd like to do, if both sides are filing

22   summary judgment, I would like to have the plaintiff file

23   first, six weeks before the hearing date, or longer if you

24   want, but at least six weeks; and then have the defendant file

25   an opposition and cross-motion in a single brief two weeks

later; and then have the plaintiff file a reply to the motion and an opposition to the cross-motion in a single brief a week after that; and finally, a reply on the cross-motion from defendant a week after that, and with a six-week schedule that ends up being two weeks before the hearing date, and I need two weeks.

If you want to drag it out longer and agree on a different briefing schedule, that's fine, as long as it ends up that I have two weeks to read the papers.

**MR. LEVINE:**  That's fine, your Honor.  We're not contemplating a motion now, but obviously, depending on how discovery develops, there's a possibility that we might want to, but we would advise them before that.

**THE COURT:**  Yes, work it out with each other.  If it comes down to the case-dispositive motion cutoff, and you're going to file one, then you need to file it six weeks before the cutoff --

**MR. LEVINE:**  That's fine.

**THE COURT:**  -- and then that other schedule will kick in.

**MR. ORMISTON:**  Okay.

**THE COURT:**  If they don't file one six weeks before, then you will know you can file one five weeks before and the usual schedule will kick in, but all of this can be changed by stipulation as long as you give me my two weeks, and then you

have to give me my trial prep after that.  From the time of the
summary judgment motion, it's best to really have about three
months, because first I have to rule on it, then you have to
prepare your pretrial conference statements and we have to have
the trial.

So if we're going to hear the motions as late as
November -- what did we say?

**THE CLERK:**  Tenth.

**MR. CRONE:**  November 10th?

**THE COURT:**  -- November 10th, then we should try it
in, I guess, February of 2012.  And the plaintiffs are talking
about a seven-day jury trial.  That seems a little long, unless
we have to deal with a lot of individual damage claims, but
what are the damages?  I mean, they either paid the fee or they
didn't.  It's a couple hundred bucks.  Maybe they didn't get to
go to the resort and they had to go to another resort and it's
more expensive?  I mean, it's not --

**MR. LEVINE:**  We don't think it's going to be
complicated from a damage perspective.  I think we were being
overly cautious in terms of the amount of trial time.

**THE COURT:**  Why don't we set it down for five days.
How about February 13th, at 8:30?  And pretrial conference on
January 31st, at 2:00.

Now what you're really probably going to need to do
is set up some type of process.  I guess you have a right to

have a jury trial on all of your individual damage issues, but you might discuss and plan whether you wouldn't want to just try liability and set up some process for proving up resort fees or something afterwards, rather than have all of that done before the jury.

MR. ORMISTON: We'll certain explore that, your Honor. We see damages being more complicated than the plaintiffs do. We don't think it's just a matter of what they paid. I mean, these people got value for paying the special assessment. They are club members. These monies are being used to renovate and upgrade the resorts.

THE COURT: Well, the question is whether you were allowed to charge them.

MR. ORMISTON: Right.

THE COURT: If you weren't allowed to charge them, then it doesn't matter if you gave them to Mother Theresa. You weren't allowed to charge them and you have to give them back. If you were allowed to charge them, it doesn't matter what you did with them. You could have gone your own vacation.

MR. ORMISTON: Well, we've discussed that even if it's ultimately determined that we weren't allowed to charge them, they still in any case have not been damaged because the monies were used to renovate properties that they're better --

THE COURT: No, I don't agree with that. No, you can't breach a contract and say, well, it was for your own

1    good.

2              **MR. ORMISTON:**  Well, this is not a breach of

3    contract case.  They have not alleged breach of contract.

4              **THE COURT:**  I know.  Were you here when we had the

5    motion?

6              **MR. ORMISTON:**  I was not, but I heard about it.

7              **THE COURT:**  We went through and we discussed that.

8    So no, I don't agree with that.  If it was wrongful for you to

9    charge the fee, then that's the end of it.  It doesn't matter

10   what you did with it.  So I don't anticipate hearing a lot of

11   justifications for what you did with it.  It either was wrong

12   for you to charge it, or if it was right for you to charge it

13   but only right if you did certain things with it, then I

14   suppose we have to try whether you did certain things with it,

15   if that was in the understanding or the contracts or whatever

16   your marching orders were.

17             **MR. ORMISTON:**  Right, and that's where we think it's

18   headed, your Honor.

19             **THE COURT:**  Okay.  Well, even so, that doesn't

20   strike me as disputed.  If you can prove you upgraded the

21   resorts, I don't imagine they'll be fighting the fact that you

22   upgraded the resorts.  So if that becomes an issue, you could

23   show your proof and try to stipulate to some of those issues.

24             **MR. LEVINE:**  Yeah, I mean, part of our case is

25   that --

**THE COURT:**  And you can still say, I don't care if you upgraded the resorts or not, you weren't supposed to do it, but at least we wouldn't have to fight about whether they upgraded the resorts.

**MR. LEVINE:**  That's true, and we think there is a significant question as to whether or not the resorts were being upgraded and whether what they're doing constitutes an upgrade, and part of our case is, of course, what have they been doing for all the last 10 years with these resorts with the money that they've been getting from the members to maintain them, but --

**THE COURT:**  Okay.  Well, you might also think about including as much of this as you can in your summary judgment motion, so we could find out what's going to be relevant and what isn't and what has to be proved and what doesn't.  So even if it's not case-dispositive, you could put in issues like that, like, is it relevant how they spent the money.

**MR. ORMISTON:**  Not to revisit an issue that we've already talked about, but the -- what counsel has just pointed out is why we think this will be longer than a five-day trial.  It's going to be relevant as to what maintenance fees have been collected over the years, what have been done with those maintenance fees for 21 resorts, what the condition of those 21 resorts were in when the special assessment was issued, and what upgrades and renovations have been conducted at those 21

1  resorts since the special assessment funds were collected, and

2  I -- you know, with the number of plaintiffs that --

3         **THE COURT:**  Okay, we'll put it down for seven days,

4  that's fine.  Okay.  I think that's all I have.

5         Oh, you had something about depositions.  Let's say

6  15 depositions per side, and if you want more than that, you'll

7  need to move for it, and I'll refer it to a magistrate judge.

8         **MR. ORMISTON:**  We can come back, but just to point

9  out, there are 11 plaintiffs, and so that really only gives us

10 four non-plaintiff depositions that we can take.

11        **THE COURT:**  Okay, well, try those and see if you

12 feel like you need more, and if you do, talk it over with them,

13 and if they won't agree, then file a motion and we'll send it

14 to a Magistrate Judge.

15        Okay, anything else?

16        **MR. ORMISTON:**  No, your Honor.

17        **MR. LEVINE:**  Thank you, your Honor.

18                                              <u>2:25 p.m.</u>

19

20

21

22

23

24

25

<u>**CERTIFICATE OF REPORTER**</u>

I, LEO T. MANKIEWICZ, a pro tem reporter in the United States Court, Northern District of California, and Certified Shorthand Reporter duly licensed in the State of California, hereby certify that the foregoing proceedings in Case No. C 10-3125 CW, Berrien, et al. v. New Raintree Resorts International, LLC, et al., were reported by me, and were thereafter transcribed under my direction into typewriting; that the foregoing is a true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

Leo T. Mankiewicz, CSR 5297, RMR, CRR

Sunday, November 21, 2010