Jonathan K. Levine (State Bar No. 220289)
  jkl@girardgibbs.com
Elizabeth C. Pritzker (State Bar No. 146267)
  ecp@girardgibbs.com
Todd Espinosa (State Bar No. 209591)
  tie@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Class Counsel and Attorneys for Individual and
Representative Plaintiffs Curtis Berrien, Rose Huerta,
Tina Musharbash, Fern Prosnitz, Michael Andler,
Marcus Boness, Timothy Bonnell, Richard Buford,
Elaine Cefola, Kenneth Davis and Jerome Garoutte

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURTIS BERRIEN; ROSE HUERTA; TINA MUSHARBASH; FERN PROSNITZ; MICHAEL ANDLER; MARCUS BONESS; TIMOTHY BONNELL; RICHARD BUFORD; ELAINE CEFOLA; KENNETH DAVIS; JEROME GAROUTTE, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　　v.<br>NEW RAINTREE RESORTS INTERNATIONAL, LLC; RVC MEMBERS, LLC; DOUGLAS Y. BECH<br><br>　　　　　Defendants. | Case No. CV 10-03125 CW<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**CLASS ACTION** |

1  This matter came before the Court for hearing on November 29, 2011, on the unopposed motion of Plaintiffs Curtis Berrien, Rose Huerta, Tina Musharbash, Fern Prosnitz, Michael Andler, Marcus Boness, Timothy Bonnell, Richard Buford, Elaine Cefola, Kenneth Davis and Jerome Garoutte ("Plaintiffs") for preliminary approval of the proposed Settlement Agreement and Release ("Settlement"), resolving class claims asserted in the litigation against Defendants New Raintree Resorts International, LLC, RVC Members, and Douglas Y. Bech ("Defendants") (Plaintiffs and Defendants are referred to collectively as the "Parties"), on behalf of a proposed nationwide class of persons residing in the United States who were charged the Special Assessment, as that term is defined in the Parties' Settlement Agreement at paragraph I.(y).  In their motion, Plaintiffs further request (i) leave to file a First Amended Complaint to conform the class definition set forth in the pleadings with that contained in the proposed Settlement, (ii) preliminary certification of a Settlement Class, (iii) approval of the form and manner of Settlement Notice to be mailed to the Settlement Class, and (iv) approval of the procedures and schedule for final approval of the proposed Settlement.

The Court having considered all papers filed and proceedings had herein and good cause appearing therefore, **IT IS HEREBY ORDERED** that:

1.  Solely for purposes of the proposed Settlement, the Court grants Plaintiffs leave to file a First Amended Complaint to conform the class definition to the definition set forth in this order. Defendants are excused from filing an answer or any other responsive pleading with respect to the First Amended Complaint, without prejudice to Defendants and their right to deny allegations and otherwise respond under the Federal Rules of Civil Procedure, absent this Settlement becoming effective.

2.  The Court previously entered an order certifying a litigation class pursuant to Fed. R. Civ. P. 23.  *See* Dkt No. 75.  For the reasons stated in the Court's prior class certification order, the Court finds that the Parties' proposed Settlement Class satisfies the prerequisites of numerosity, commonality, typicality, and adequacy of representation, and further finds that common questions predominate over any questions affecting only individual members such that resolution on a class basis is superior to other available methods for a fair resolution of this controversy.  Fed. R. Civ. P. 23(a), (b). Accordingly, the Court preliminarily certifies the following class for purposes of the proposed Settlement (the "Settlement Class"):

All persons who reside in the United States and were charged the Special Assessment that was issued to owners of Raintree Vacation Club and related timeshare interests in or around October or November 2009.  Excluded from the Settlement Class are those persons who have already settled their claims relating to the issuance of the Special Assessment, those persons whose Club memberships have already been validly terminated for non-payment of amounts due under Club membership purchase promissory notes as of the date of the issuance of the Court's order granting preliminary class settlement approval in this action, Defendants, any entity in which any Defendant has or had a controlling interest, any officers or directors of any Defendant, the legal representatives, heirs, successors, and assigns of Defendants, and any judge assigned to this action and his or her immediate family.

3.  Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

4.  The Court preliminarily approves the proposed Settlement, finding that its terms appear sufficiently fair, reasonable, and adequate to warrant dissemination of notice of the proposed Settlement to the Settlement Class.  The Court finds that the proposed Settlement contains no obvious deficiencies and that the Parties entered into the proposed Settlement in good faith, following arm's-length negotiation between their respective counsel.

5.  Defendants shall comply with the requirements of 28 U.S.C. § 1715(b) and timely serve notice of the proposed Settlement upon the appropriate federal official and the appropriate State official of each State in which a Settlement Class member resides.  Defendants shall also provide copies of their submissions to Plaintiffs' counsel.

6.  The Court hereby approves and adopts the form and procedures for disseminating a Notice of Class Action Settlement to the Settlement Class set forth in the proposed Settlement (the "Settlement Notice") and as further specified herein.  The Court finds that the form, content and manner in which notice is to be given to the Settlement Class constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.  Members of the Settlement Class who wish to opt out of the Settlement or object to or comment on the Settlement or the Fee and Expenses Application (described herein) shall comply with this order and the Settlement Notice.

7.  On or before December 15, 2011, the Parties shall cause individual notice, substantially in the form of Exhibit D to the Settlement, to be mailed to all reasonably identifiable Settlement Class

members. By that same date, Plaintiffs will post the notice on the Girard Gibbs LLP website (www.girardgibbs.com). Also by that date, Defendants shall cause the Settlement Administrator to send e-mail notification to those members of the Settlement Class for whom Defendants have e-mail addresses apprising them of the mailing of the Settlement Notice.

8. All costs and expenses in connection with providing notice to the Settlement Class and administering the proposed Settlement shall be paid in accordance with the terms of the Settlement.

9. A hearing on entry of final approval of the Settlement, an award of fees and expenses to Class Counsel, and incentive payments to the named Plaintiffs (the "Final Approval Hearing") shall be held at 2 p.m. on March 8, 2012, before the undersigned in Courtroom 2 of the United States District Court for Northern District of California, 1301 Clay Street, Oakland, California, 94612. At the Final Approval Hearing, the Court will consider: (a) whether the Settlement Class should be certified; (b) whether the Settlement should be approved as fair, reasonable, and adequate for the class; (c) whether a judgment granting approval of the Settlement and dismissing the lawsuit with prejudice should be entered; and (d) whether Class Counsel's application for attorneys' fees and expenses and incentive awards for the named Plaintiffs should be granted.

10. Any Settlement Class member shall have the right to individually and personally opt out of the Settlement Class and the Settlement by sending a written request for exclusion from the Settlement Class to the addresses listed in the Settlement Notice, postmarked or delivered no later than January 30, 2012. To be effective, the request for exclusion must include: (i) the member's full name and current address and telephone number, (ii) the member's Club membership number, (iii) the member's personal signature, and (iv) a specific and clear statement of his or her desire to be excluded from the Settlement. If the Settlement is finally approved, any Settlement Class member who does not submit a timely and valid request for exclusion shall be subject to and bound by the Settlement and every order or judgment entered concerning the Settlement. Settlement Class members who opt out shall be deemed to have waived any right to object to the Settlement, to appear at the Final Approval Hearing and to present any argument or evidence regarding the Settlement.

11. Counsel for the respective parties shall file memoranda, declarations, or other statements and/or materials in support of the request for final approval of the Settlement as described in the Settlement Notice, no later than December 15, 2011.

12. Class Counsel shall file an application for an award of attorneys' fees and costs and for an incentive award to the named Plaintiffs as described in the Settlement Notice ("Fee and Expenses Application") no later than December 15, 2011.

13. Any member of the Settlement Class who intends to object to final approval of the Settlement or the Fee and Expenses Application must, on or before January 30, 2012, file any such objection and, if applicable, notice of the member's intent to appear at the Final Approval Hearing, with the Court, and provide copies of the objection or comment to: (1) Girard Gibbs LLP, c/o Raintree Class Settlement Objection, 601 California Street, 14th Floor, San Francisco, CA 94108; and (2) Looper Reed & McGraw, P.C., c/o James J. Ormiston, 1300 Post Oak Blvd., Suite 2000, Houston, Texas 77056. Each objection must include: (i) the member's full name and current address and telephone number, (ii) the member's Club membership number, (iii) the member's personal signature, (iv) a specific and clear statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position, and (v) if the member wishes to appear at the Final Approval Hearing personally or through counsel, a statement to that effect. The notice of intent to appear must include copies of any papers, exhibits, or other evidence that the objecting Class member (or his or her counsel) will present to the Court in connection with the Final Approval Hearing.

14. Any member of the Settlement Class who objects to final approval of the Settlement or the Fee and Expenses Application shall be subject to discovery, including depositions, by any Party on ten calendar days' notice. Any such deposition shall be held within 100 miles of the objecting Settlement Class member's place of residence.

15. Any Settlement Class member who does not file and serve a written objection in compliance with the requirements set forth above or who fails to comply with any discovery obligations as required by the Settlement Agreement, the Settlement Notice, this Order or any other order of the Court shall be deemed to have waived any objection and opposition to the fairness, adequacy, and

1  reasonableness of the Settlement and the Fee and Expenses Application and shall not be permitted to
2  object, present argument, or evidence regarding the Settlement.

3    16.   No later than February 23, 2012, the Parties shall file any replies in support of final
4  approval of the Settlement and Class Counsel shall file any reply in support of the Fee and Expenses
5  Application.

6    17.   The Court may continue the date of the Final Approval Hearing and related deadlines.
7  In that event, the revised hearing date and/or deadlines shall be posted on the websites referred to in the
8  Settlement Notice, and the Parties shall not be required to re-send or re-publish notice of the Settlement.
9  The Settlement Notice shall state that the Court may reschedule the Final Approval Hearing and shall
10 direct members of the Settlement Class to the Court's calendar and schedule web page
11 (http://www.cand.uscourts.gov/cw) so that Settlement Class members may confirm the date of the Final
12 Approval Hearing.

14 **IT IS SO ORDERED.**

16 Dated: December 5, 2011

CLAUDIA WILKEN
United States District Judge