**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURTIS BERRIEN; ROSE HUERTA; TINA MUSHARBASH; FERN PROSNITZ; MICHAEL ANDLER; MARCUS BONESS; TIMOTHY BONNELL; RICHARD BUFORD; ELAINE CEFOLA; KENNETH DAVIS; JEROME GAROUTTE, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br>  v.<br><br>NEW RAINTREE RESORTS INTERNATIONAL, LLC; RVC MEMBERS, LLC; DOUGLAS Y. BECH<br><br>     Defendants. | **Case No. CV 10-03125 CW**<br><br>**FINAL CLASS ACTION SETTLEMENT APPROVAL ORDER AND JUDGMENT**<br><br>**CLASS ACTION** |

This matter came before the Court for hearing on March 8, 2012, on the motion of Plaintiffs Curtis Berrien, Rose Huerta, Tina Musharbash, Fern Prosnitz, Michael Andler, Marcus Boness, Timothy Bonnell, Richard Buford, Elaine Cefola, Kenneth Davis and Jerome Garoutte ("Plaintiffs") for: (i) final approval of the proposed Settlement Agreement and Release ("Settlement," Dkt. No. 89, Ex. 1), resolving class claims asserted in the litigation against Defendants New Raintree Resorts International, LLC, RVC Members, and Douglas Y. Bech ("Defendants") (Plaintiffs and Defendants are referred to collectively as the "Parties") on behalf of a nationwide Settlement Class (defined below), and (ii) final certification of the Settlement Class preliminarily certified in the Court's December 5, 2011 order granting preliminary approval of the Settlement. Due and adequate notice having been given of the proposed Settlement by direct mail and by email where email addresses for Settlement Class members were available, as required in the Court's December 5, 2011 order, Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act, 28 U.S.C. § 1715(b), and the Court having considered all papers filed and proceedings had herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

2. The Court finds and concludes that the Settlement Class preliminarily certified in the Court's December 5, 2011 order and defined as —

> All persons who reside in the United States and were charged the Special Assessment that was issued to owners of Raintree Vacation Club and related timeshare interests in or around October or November 2009. Excluded from the Settlement Class are those persons who have already settled their claims relating to the issuance of the Special Assessment, those persons whose Club memberships have already been validly terminated for non-payment of amounts due under Club membership purchase promissory notes as of the date of the issuance of the Court's order granting preliminary class settlement approval in this action, Defendants, any entity in which any Defendant has or had a controlling interest, any officers or directors of any Defendant, the legal representatives, heirs, successors, and assigns of Defendants, and any judge assigned to this action and his or her immediate family.

— satisfies all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for the same reasons set forth in the Court's August 15, 2011 order granting class certification of a California class. The Court therefore GRANTS final certification of the Settlement Class.

3. The Court finds and concludes that notice has been given to all members of the

Settlement Class known and reasonably identifiable, that the notice given was the best notice practicable under the circumstances, and that it included both written notice sent to Settlement Class members by first class mail and electronic mail. Such notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and the Court's December 5, 2011 order.

4. The Court EXCLUDES from the Settlement Class the following persons who have submitted timely opt-out notices in accordance with the Court's December 5, 2011 order: William and Pamela Bachman, Eric Benson, James and Linda Bulman, Douglas Clark, Jr. and Deborah Key, James and Linda Coke, Kimberley Crumb and Elizabeth Ewens, William Daugaard, Allan and Heather Decker, Norman and Holly Fonseca, David and Charlene Fromme, Kurt and Maria Gamnig, Scott and Lisa Girvin, Robert and Geraldine Hammond, Bradford Iverson, Clinton Jones, Barry and Nanette Kersh, Don and Kristen Kildebeck, Jerold and Lisa Knafelc, Desider Kohn and Alex Stein, Roger and Roseanne La Barre, Donald and Sheila Lauda, Brian and Dawn Lee, Gim Lee and Sammie Lee Chang, Brian and Carolyn Lounsbury, Rick and Sandra Maddess, Harry and Jean Marenbach, Terrel and Debra Marinaro, Don and Jolynn Miller, Olivia Miranda-Ayson and Adrian Ayson, John Musich, John Neder, Steven and Alison Robert, Jerryl Rubin, Manuel and Vania Salgar, Marilyn Shields, H. Daniel and Jean Stillwell, Peter and Karen Van Patten, Panida Viboolsittiseri, Nestor Villamil, John Wade and Michael and Carol Zaccardi. Alex Shuda submitted an untimely opt-out notice, but is EXCLUDED from the Settlement Class by agreement of the Parties as stated on the record at the final settlement approval hearing. Richard and Patricia Treseler are also EXCLUDED from the Settlement Class because they fall within an express exclusion set forth in the definition of the Settlement Class.

5. The Court has received fifteen objections by the following seventeen objectors that were timely filed in accordance with the December 5, 2011 order: Douglas Flegal (Dkt. No. 97), Les Glasser (Dkt. No. 102), Georges Kaufman (Dkt. No. 93), Eldo and Vivian Klingenberg (Dkt. No. 115), Gim Lee (Dkt. No. 112), Gerald O'Sullivan (Dkt. No. 105), Tom Oppenheimer (Dkt. No. 109), Robert Osman (Dkt. No. 101), Ron Peabody (Dkt. No. 94), Stan Tenold (Dkt. No. 111), Richard and Linda Weil (Dkt. No. 96), David Wolf (Dkt. No. 98), Gerard Desposito (Dkt. No. 100), Heather Fricke-Miller (Dkt. No. 107) and Walter Easley (Dkt. No. 108). In that time period, the Court also received five comments from the following eight additional Settlement Class members, who did not object to,

or express dissatisfaction with, the Settlement, and instead gave support for it or expressed dislike toward Defendants: Mark and Valerie Ashkinazy (Dkt. No 103); Penny Byrd (Dkt. No. 106); Primo and Roma Garcia (Dkt. No. 104); Fernando and Yvonne Perez (Dkt. No. 110); and Gustavo Villa (Dkt. No. 114).  The Court also received two additional comments, which did not contain objections to the Settlement, from the following four Settlement Class members after the objection deadline:  Rod and Kim Wagner (Dkt. No. 124, filed on February 2, 2012); and Rosa M. Garza and Norma A. Suarez (Dkt. No. 125, filed on February 2, 2012).  The two untimely objections received by the Court by the following three objectors are deemed to be waived in accordance with the Court's December 5, 2011 order: Douglas Bentz (Dkt. No. 126, filed on February 3, 2012) and Irwin and Phyllis Javinsky (Dkt. No. 120, filed on January 31, 2012).  Class Counsel addressed the objections made by all objectors, including the untimely objections, in their reply memorandum in support of final approval.  All of the objections have been duly considered and are hereby OVERRULED for the following reasons:

*Withdrawn Objection*.  One of the timely objections, filed by Gim Lee, was followed by an opt-out notice.  As such, the Court deems the objection by Gim Lee to be withdrawn.  *See* Fed. R. Civ. P. 23(e)(5).  Nonetheless, the Court has considered it.

*Objections to Allocation of Supplemental Points and Waiver of Unpaid Maintenance Fee and Special Assessment Charges*.  Some objectors argue that the allocation of Supplemental Points to Settlement Class members and the waiver of unpaid 2010 and 2011 Maintenance Fee and Special Assessment charges is unfair.  In particular, it is argued that the allocation is unfair because it provides fewer Supplemental Points to Settlement Class members who paid their 2010 and 2011 Maintenance Fees and the Special Assessment in full and provides more Supplemental Points to Settlement Class members who did not make all such payments.

Settlement Class members who paid all three amounts billed for 2010 and 2011 in full, including the 2010 and 2011 Maintenance Fees and the Special Assessment, were generally able to use their Raintree Vacation Club and related timeshare (collectively, the "Club") memberships in 2010 and 2011.  Under the Settlement, those Settlement Class members receive an allocation of Supplemental Points equal to their regular 2010 points allotment to compensate them for the extra amount they paid in the form of the Special Assessment.

On the other hand, Settlement Class members who paid some, but not all, of the Special Assessment and 2010 Maintenance Fees and 2011 Maintenance Fees, were not permitted to use their Club memberships during some or all of these time periods. Those Settlement Class members will receive Supplemental Points to compensate them for the fact that they made some payments, but were not permitted to book reservations. The amount of Supplemental Points that these Settlement Class members receive depends on the amounts they paid and on the fact that they could not use their memberships. Settlement Class members who paid one of the three amounts billed--for example: the Special Assessment only or 2010 Maintenance Fees only--will receive Supplemental Points equal to their regular 2010 points allotment because they made the equivalent of one Maintenance Fee payment, but were not able to use their Club memberships. Those Settlement Class members who paid two of the three amounts billed--for example: the Special Assessment and 2010 Maintenance Fees only or 2010 Maintenance Fees and 2011 Maintenance Fees only--will receive Supplemental Points equal to twice their regular 2010 points allotment because they made the equivalent of two Maintenance Fee payments, but were not able to use their Club memberships.

The Court concludes that the allocation of Supplemental Points is fair, reasonable and adequate in that it takes into account the different amounts paid by Settlement Class members and the fact that Settlement Class members who did not pay the Special Assessment and 2010 and 2011 Maintenance Fees in full were not permitted to use their Club memberships. *See* Dkt. No. 89, Ex. 1 at § III.B.1; *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

*Objections to Settlement Provisions Regarding the Use of Supplemental Points.* Certain objectors argue that the provision in the Settlement that reservations with Supplemental Points may be made up to ninety days in advance is unfair. The Court concludes that the ninety-day reservation window, balanced as it is by the seven-year period during which Settlement Class members may use their Supplemental Points, is a fair, reasonable and adequate compromise that will provide meaningful relief to Settlement Class members without overwhelming the Club resort reservation system. *See* Dkt. No. 89, Ex. 1 at § III.B.2. The fact that certain objectors would prefer not to have a reservation window is not a valid basis for rejecting the settlement. *See Hanlon*, 150 F.3d at 1027; *Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2007 WL 4105971, at *5 (N.D. Cal. Nov. 16, 2007) (Lloyd, Mag. J.).

Similarly, the request made by an objector for modification of the Settlement so that Supplemental Points never expire and modification to allow Settlement Class members to make Supplemental Points reservations at any Raintree Vacation Club resort is not within the Court's role. The Court may only approve or reject the Settlement, not modify it. *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Browning*, 2007 WL 4105971, at *5.

*Objections to the Award of Supplemental Points instead of Reimbursement of Special Assessment Charges*. Several objectors state that Defendants should refund the amount of the Special Assessment to the Settlement Class members who paid that fee, instead of giving them Supplemental Points. Class Counsel represents that they attempted to obtain such relief in the Settlement but were ultimately unsuccessful. While the Settlement may have been "better" for certain Class members if they were refunded the amount they paid, the relevant question for the Court is whether the proposed Settlement is fair. "The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d at 625. *See also In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 212 (5th Cir. 1981) ("[W]hether another team of negotiators might have accomplished a better settlement is a matter equally comprised of conjecture and irrelevance."). The Court concludes that the award of Supplemental Points is a fair, reasonable and adequate compromise that will provide meaningful relief to Settlement Class members.

One objector states that he should be given a financial award because he is no longer a Club member and he will be unable to use the Supplemental Points. This objection is factually incorrect: the Settlement provides that Class members "who are otherwise to receive Supplemental Points, but who are not Club members on the Effective Date, shall receive Supplemental Points, which they will be permitted to use on the same terms specified above as if they are current Class members." Dkt. No. 89, Ex. 1 at § III.B.2.f.

Another objector states that the Settlement does not address Settlement Class members who do not generally receive "Points" under the terms of their Club membership and instead receive allotments of usage time. However, these Settlement Class members are given relief in the Settlement, which defines "Points" to mean "the points or other interval usage, such as weeks, allotted to Club

members under their Club membership." Id. at § I.q.

*Conclusory Objections to Fee and Expenses Award and Incentive Payments*. Certain objectors make conclusory assertions that the requested award of attorney fees and litigation expenses and incentive payments to Plaintiffs is unwarranted. Such conclusory assertions are insufficient on their face. *See* Alba Conte & Herbert Newberg, Newberg on Class Actions § 11:58 (4th ed. 2002). Plaintiffs and Class Counsel have shown that the negotiated fee and expenses award requested is reasonable under both the lodestar-multiplier and percentage-of-recovery analyses and that the incentive awards are justified and consistent with those previously awarded in similar class litigation. *See Ketchum v. Moses,* 24 Cal. 4th 1122, 1137 (2001); *Center For Biological Diversity v. County of San Bernardino*, 188 Cal. App. 4th 603, 616 (2010); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *13 (N.D. Cal. Apr. 1, 2011) (Spero, Mag. J.).

The further assertion by certain objectors that the fee and expenses award will be paid by members of the Settlement Class is factually incorrect. The Settlement expressly provides that "[n]o fees or other charges paid by members of the Settlement Class, including Maintenance Fees, shall be increased in the future to pay any costs associated with the Settlement or its implementation." Dkt. No. 89, Ex. 1 at § III.C.4.

*Other Objections*. Various miscellaneous objections were also asserted. All such objections lack merit. Some objectors point to the lack of financial accountability and reporting regarding the Club. The Settlement, however, provides for annual, independently audited reporting of Club expenses and fees to be provided to members. *See id*. at § III.C.2.

Questions were raised regarding the progress made on Club resort renovations made with Special Assessment funds. The Settlement provides that Defendants shall make reports detailing the use of Special Assessment funds collected from Club members. *See id*. at § III.C.1.

It has been noted that the Settlement does not address future special assessments. The Settlement also does not authorize any future special assessments and it expressly does not release claims regarding any future special assessments. *See id*. at § VII.A.2.

In addition, certain objectors argue that the Settlement is deficient because it does not allow Settlement Class members to rescind their Club membership purchase contracts. Plaintiffs,

6

FINAL CLASS ACTION SETTLEMENT APPROVAL ORDER
AND JUDGMENT
CASE NO. CV 10-03125 CW

however, have never sought rescission of such contracts in this case, which is based only on the Special Assessment issued in October and November 2009. *See* Dkt. No. 86.

In sum, the Court having reviewed all of the objections made, none shows the Settlement to be unfair, unreasonable or inadequate. *See Hanlon*, 150 F.3d at 1027.

6. The Court approves the Settlement and finds that it is, in all respects, fair, reasonable and adequate in accordance with Rule 23 of the Federal Rules of Civil Procedure. The Court further approves the award of attorneys' fees and litigation expenses to Class Counsel, Girard Gibbs LLP, and the incentive awards to the eleven named Plaintiffs as provided for in the Settlement and as addressed in the Court's separate fee order. The Court finds that such fee, litigation expenses and incentive awards are, in all respects, fair and reasonable, that the Settlement was honestly negotiated and that the Settlement provides substantial benefit the Settlement Class.

7. The Court hereby dismisses this action with prejudice and without costs, except as provided for in the Settlement.

8. Without affecting the finality of this Judgment in any way, administration and consummation of the Settlement shall be under the authority of this Court. The Court shall retain jurisdiction to protect, preserve and implement the Settlement. The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement.

**IT IS SO ORDERED.**

DATED: _____March 13_____, 2012         _____
                                                 The Honorable Claudia Wilken
                                                 UNITED STATES DISTRICT JUDGE