Jonathan K. Levine (State Bar No. 220289)
  jkl@girardgibbs.com
Elizabeth C. Pritzker (State Bar No. 146267)
  ecp@girardgibbs.com
Todd Espinosa (State Bar No. 209591)
  tie@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Class Counsel and Attorneys for Individual and
Representative Plaintiffs Curtis Berrien, Rose Huerta,
Tina Musharbash, Fern Prosnitz, Michael Andler,
Marcus Boness, Timothy Bonnell, Richard Buford,
Elaine Cefola, Kenneth Davis and Jerome Garoutte

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURTIS BERRIEN; ROSE HUERTA; TINA MUSHARBASH; FERN PROSNITZ; MICHAEL ANDLER; MARCUS BONESS; TIMOTHY BONNELL; RICHARD BUFORD; ELAINE CEFOLA; KENNETH DAVIS; JEROME GAROUTTE, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br>v.<br><br>NEW RAINTREE RESORTS INTERNATIONAL, LLC; RVC MEMBERS, LLC; DOUGLAS Y. BECH<br><br>  Defendants. | **Case No. CV 10-03125 CW**<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES AND INCENTIVE PAYMENTS TO CLASS REPRESENTATIVES**<br><br>**CLASS ACTION**<br><br>Date:   March 8, 2012<br>Time:   2:00 p.m.<br>Before:  Hon. Claudia Wilken |

This matter came before the Court for hearing on March 8, 2012, on the motion of Plaintiffs Curtis Berrien, Rose Huerta, Tina Musharbash, Fern Prosnitz, Michael Andler, Marcus Boness, Timothy Bonnell, Richard Buford, Elaine Cefola, Kenneth Davis and Jerome Garoutte ("Plaintiffs") for the award of attorneys' fees and litigation expenses and incentive payments in accordance with the Settlement Agreement and Release (the "Settlement") preliminarily approved by this Court on December 5, 2011. The Court having considered all papers filed and proceedings had herein, and good cause having been shown, the Court GRANTS Plaintiffs' motion and FINDS and CONCLUDES as follows:

1.  The Court's function in reviewing the proposed award of attorneys' fees and expenses under Federal Rule of Civil Procedure 23(h) is to ensure that the Parties' agreement is reasonable and does not reflect a collusive settlement.

2.  In reviewing an attorney fee provision in a class action settlement agreement, California law requires a court to determine (1) the reasonableness of the award and (2) whether there is any evidence of fraud or collusion in the fashioning of the agreed attorney fees. *See In re Cellphone Termination Fee Cases*, 180 Cal. App. 4th 1110, 1119 (2009); *Robbins v. Alibrandi*, 127 Cal. App. 4th 438, 444 (2005). California's approach is consistent with Ninth Circuit case authority, which emphasizes a district court's obligation to ensure the reasonableness of an award of attorneys' fees, even when agreed to by the parties. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

3.  Here, the fees sought are reasonable under the familiar lodestar-multiplier analysis and in terms of the benefit conveyed to the Class under the Settlement. *See Ketchum v. Moses,* 24 Cal. 4th 1122, 1137 (2001). Plaintiffs seek a fee award of $1,647,000 for compensation for the 2380 hours Class Counsel spent litigating this case and an award of $70,000 in expenses and notice costs. This fee figure represents a lodestar multiplier of 1.32, which is comparable to multipliers typically applied by California courts. *See Pellegrino v. Robert Half Intern., Inc*., 182 Cal. App. 4th 278, 290-91 (2010); *Chavez v. Netflix, Inc*., 162 Cal. App. 4th 43, 66 (2008); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-18 (2008); *Wershba v. Apple Computer, Inc*., 91 Cal. App. 4th 224, 255 (2001); *Castaneda v. Burger King Corp.*, No. C 08-04262, 2010 WL 2735091, at * 3 (N.D. Cal. July 12, 2010)

(Alsup, J.).

4. The fee award was not the result of any collusion. The Parties agreed to negotiate the claims on behalf of the Class first and address fees only after the Class claims were settled. This procedure "helped to safeguard the interests of the Class[.]" *Hernandez v. Kovacevich*, No. 1:04CV5515, 2005 WL 2435906, at *10 (E.D. Cal. Sept. 30, 2005). Moreover, the settlement benefit to the Class has not been reduced or impacted as a result of the fee award, or the award of litigation expenses or incentive awards.

5. The Court further concludes that incentive awards of $3000 to each of the eleven named Plaintiffs are warranted. The named Plaintiffs provided thousands of pages of responsive documents in discovery, each sat for a deposition, and each monitored the progress of the case and settlement negotiations for the benefit of all members of the Settlement Class. California and federal courts have approved similar payments based on similar levels of named plaintiff participation in class actions. *In re Cellphone Termination Fee Cases*, 186 Cal. App. 4th at 1393-95; *Munoz v. BCI Coca-Cola Bottling Co. of Los Angeles*, 186 Cal. App. 4th 399, 412 (2010); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *30 (N.D. Cal. Apr. 1, 2011) (Spero, Mag. J.); *Brailsford v. Jackson Hewitt Inc.*, No. C 06 00700 CW, 2007 WL 1302978, at *7 (N.D. Cal. May 3, 2007) (Wilken, J.).

6. Based on the foregoing, the Court hereby AWARDS Class Counsel $1.75 million in attorneys' fees and litigation and settlement expenses, including incentive payments of $3000 to each of the eleven named Plaintiffs, as provided for and agreed to under the Settlement.

DATED: March 13, 2012

The Honorable Claudia Wilken
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING MOTION FOR APPROVAL OF AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES AND INCENTIVE PAYMENTS TO CLASS REPRESENTATIVES
CASE NO. CV 10-03125 CW